UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at LEXINGTON)

| | |
|---|---|
| JEREMY SMALLWOOD, <br><br>   Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br>   Defendants. | Civil Action No. 5:25-CV-00466-CHB <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Jeremy Smallwood is an inmate who indicates that he was previously incarcerated at the Federal Medical Center ("FMC") in Lexington, Kentucky, then transferred to the United States Penitentiary ("USP") – McCreary in Pine Knot, Kentucky, and is now being held at the USP in Coleman, Florida. *See* [R. 11, pp. 1–2]. Smallwood is proceeding without an attorney, and, consistent with an Order from this Court, [R. 9], he recently completed and filed this Court's approved E.D. Ky. 520 Civil Rights Complaint Form pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [R. 11]. That pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

I.

In Smallwood's operative complaint, he names five different FMC Lexington employees as Defendants.[1] [R. 11, pp. 1–2]. Smallwood alleges that he reported staff misconduct at FMC

---

[1] Smallwood named several more Defendants in his original pleading. [*See* R. 1, pp. 1–2]. However, the Court subsequently entered a deficiency Order and directed Smallwood to complete and file a new E.D. Ky. 520 Form which would "become the sole operative pleading in this case." [R. 6, p. 3]. Smallwood followed those instructions and filed the operative complaint. [R. 11]. That complaint only lists five FMC Lexington employees as Defendants.

Lexington via the administrative grievance process, and, in response, Defendants retaliated against him by authorizing "bogus investigations" that kept him in the prison's special housing unit and led to him being transferred—first to USP McCreary and later to USP Coleman. *Id.* at 2–3, 9–16. Smallwood suggests that Defendants knew he had serious medical issues and nevertheless worked together to get him transferred out of FMC Lexington. *Id.* at 3. Smallwood emphasizes the point, saying that "these staff knew by transferring me" that it would be "hell getting back to a medical facility." *Id.* Smallwood then describes his various interactions with each Defendant, *see id.* at 9–14, before saying that, at bottom, "the Defendants in this case shared the same goal," which he says was to "get Smallwood transferred," *id.* at 15. Ultimately, Smallwood claims that Defendants' conduct violated his "First Amendment right to petition the Government without fear of retaliation," as well as his "Eighth Amendment [right] to be free from deliberate indifference." *Id.* at 4. For relief, Smallwood is "seeking $5 million in damages." *Id.* at 8. Smallwood also alleges throughout his complaint that he is not receiving adequate medical care at his current prison—USP Coleman—and, thus, he requests "to be transferred to a medical facility to get the medical attention I need." *Id.* Along the same lines, Smallwood has filed two standalone motions reasserting this request for the Court to enter an Order directing the Federal Bureau of Prisons to transfer him to a medical facility. *See* [R. 12]; [R. 14].

II.

Having screened Smallwood's complaint, the Court will dismiss his claims detailed in his operative pleading. That is because Smallwood's claims are simply not cognizable.

Since *Bivens* was decided, the Supreme Court has found an implied damages action in only three circumstances: (1) where federal officials searched a private residence without probable cause in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) where a Congressperson

2

terminated an employee on the basis of gender in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and (3) where prison officials were deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). *See Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). And since *Carlson* was decided, the Supreme Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Thus, "[w]hat started out as a presumption in favor of implied rights of action has become a firm presumption against them." *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020). In fact, the Supreme Court has said that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 582 U.S. at 135 (citation and quotation marks omitted).

With this backdrop, the Court employs a two-step analysis to determine if *Bivens* provides a remedy for alleged misconduct by federal officials. *Id.* at 138. First, the Court must decide if the plaintiff's claim presents a "new context" or involves a "new category of defendants" that has not been recognized by the Supreme Court. *Hernandez*, 589 U.S. at 102. Notably, a context will be regarded "as 'new' if it is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court.]" *Ziglar*, 582 U.S. at 139–40. If the claim presents a new context, the Court must consider whether there are special factors that cause the Court to hesitate before recognizing a new implied cause of action. *Id.* Under this "exacting" two-part test, the answer to the question of whether a court "should engage in the disfavored judicial activity of recognizing a new *Bivens* action . . . will almost always be never." *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021).

In this case, each of Smallwood's claims would create a new *Bivens* context. As an initial matter, the Supreme Court has plainly held "that there is no *Bivens* action for First Amendment

retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). Thus, Smallwood's First Amendment retaliation claims would clearly create a new *Bivens* context.

Smallwood's Eighth Amendment deliberate indifference claims are obviously a closer call. After all, on the surface, those claims appear similar to those in *Carlson*, which also involved a claimed Eighth Amendment violation based on deliberate indifference to a serious medical need. But the plaintiff in *Carlson* alleged that prison officials were deliberately indifferent to the serious medical needs of her son, who suffered an asthma attack and died in a federal prison. *Carlson*, 446 U.S. at 16 n.1. Here, the crux of Smallwood's Eighth Amendment claims seems to be that the five named Defendants improperly took actions which led to him being transferred out of FMC Lexington and, as a result, he is now allegedly failing to receive adequate medical care at his new prison. Smallwood's claims are thus meaningfully different than the claim in *Carlson*, and that is true even though he too characterizes the Defendants' conduct as a deliberate indifference to his serious medical needs. As the Supreme Court has explained, "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 589 U.S. at 103. And the Sixth Circuit has said that "[t]he context is new if it differs *in virtually any way* from the *Bivens* trilogy." *Elhady*, 18 F.4th at 883 (emphasis added). Since Smallwood's Eighth Amendment claims are certainly different from the Eighth Amendment claim in *Carlson*, they would create a new *Bivens* context.

Since Smallwood's allegations constitute new contexts for implying a remedy under *Bivens*, the Court must determine whether there are special factors that counsel against extending the remedy to Smallwood's claims. *See Ziglar*, 582 U.S. at 139–40. The Supreme Court has cautioned that "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,'

4

a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez*, 589 U.S. at 102).

There are multiple reasons to pause before applying *Bivens* in this context. As an initial matter, Congress has created a statutory cause of action against state actors who violated the constitution. *See* 42 U.S.C. § 1983. Instead of enacting an analogous statute for constitutional violations by federal actors, Congress passed the Prison Litigation Reform Act of 1995, which created additional hurdles for prisoners bringing claims in federal court. *See Ziglar*, 582 U.S. at 148. Moreover, federal prisoners have an alternative means to vindicate their constitutional rights—i.e., the administrative remedy process, which remains a ready and viable mechanism to challenge staff misconduct. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001). And, under certain circumstances, a federal prisoner like Smallwood may be able to pursue a Federal Tort Claims Act claim related to alleged legally inadequate medical care. In short, because multiple factors counsel against implying a *Bivens* remedy in this case, the Court will dismiss Smallwood's constitutional claims for damages against the five Defendants named in his operative pleading. *See* 28 U.S.C. § 1915A(b)(1).

Finally, the Court recognizes that Smallwood also alleges that he is not receiving adequate medical care at his current prison—the USP in Coleman, Florida—and, as a result, he is asking to be transferred to a different federal prison. *See* [R. 11, p. 8]; [R. 12]; [R. 14]. But those allegations are not properly asserted in this civil action in the Eastern District of Kentucky. Rather, to the extent that Smallwood is suggesting that federal prison officials in Florida are failing to provide him with legally adequate medical care, then he may pursue his administrative remedies at USP Coleman and, if appropriate, litigate the matter in Middle District of Florida.

Accordingly, it is **ORDERED** as follows:

5

1. Smallwood's operative civil rights complaint, [**R. 11**], is **DISMISSED** on initial screening pursuant to 28 U.S.C. § 1915A(b)(1).

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's active docket.

4. The Court will enter a corresponding Judgment.

This the 13th day of May, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

6